PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
___ LODGED
___ RECEIVED

**September 11, 2008**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| In re:<br>YOSHIKO SAITO HAINES,<br>                Debtor.<br>YOSHIKO SAITO HAINES,<br>                Plaintiff,<br>   v.<br>INTERNAL REVENUE SERVICE,<br>               Defendant. | Case No. 08-41390<br><br>Adversary No. 08-04066<br><br>**MEMORANDUM DECISION**<br><br>**NOT FOR PUBLICATION** |

This matter came before the Court on September 4, 2008, on the United States' Second Motion to Dismiss filed on behalf of the Internal Revenue Service (IRS). In her Amended Complaint, Yoshiko Saito Haines (Plaintiff) seeks to have returned to her the $39,545.80 levied by the IRS for assessed taxes, punitive damages, release of the tax lien, and other relief. The parties agreed to waive oral argument. This Memorandum Decision shall constitute Findings of Fact and Conclusions of Law as required by Fed. R. Bankr. P. 7052.

MEMORANDUM DECISION - 1

# I

# FINDINGS OF FACT

The Debtor failed to file income tax returns and pay taxes due for the 1998 through 2007 tax years. As a result of this failure, an Internal Revenue Service Agent prepared substitute returns for the Plaintiff, assessed the Plaintiff, and proceeded to attempt to collect on the delinquent taxes owed. On September 15, 2005, the IRS filed a tax lien against the Plaintiff in the Pierce County Auditor's Office. On June 22, 2007, the IRS instituted a monthly levy upon the Pension Benefit Guaranty Corporation (PBGC) because the Plaintiff was awarded an interest in her ex-husband's fixed benefit pension plan. Pursuant to the levy, the IRS received seven payments of $5,656.40 totaling $39,594.80. The IRS received its last levy payment on March 31, 2008. The Plaintiff filed a voluntary Chapter 11 bankruptcy on this date at 4:05 p.m.

The IRS filed a proof of claim for $1,940,538.58 for pre-petition income taxes alleged to be owed. On June 13, 2008, the Plaintiff initiated this adversary proceeding by filing a complaint (Complaint) against the IRS and PBGC. After the United States of America (United States), on behalf of the IRS, had filed a Motion to Dismiss, the Plaintiff filed an Amended Complaint, dismissing PBCG and asserting additional relief against the IRS. On September 4, 2008, the Plaintiff filed a pleading entitled "Addendum to Amended Complaint" (Addendum). The Plaintiff never sought leave of the Court to amend her Complaint, contrary to Fed. R. Civ. P. 15(a) made applicable by Fed. R. Bankr. P. 7015. Nonetheless, the Court now grants the Plaintiff authority to amend her original Complaint, nunc pro tunc, and has considered the Plaintiff's September 4, 2008 Addendum. After the Plaintiff filed the Amended Complaint, the United States withdrew its Motion to Dismiss. On August 12, 2008, the Court entered an

MEMORANDUM DECISION - 2

Order dismissing PBGC.

On August 15, 2008, the United States, on behalf of the IRS, filed a Second Motion to Dismiss. The United States moves to dismiss the Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), made applicable by Fed. R. Bankr. P. 7012(b).

**II**

**CONCLUSIONS OF LAW**

A party may move to dismiss a case under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. A federal court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise; thus, the plaintiff bears the burden of establishing the existence of subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994).

In order for a court to grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it must be established that the plaintiff has failed "to state a claim upon which relief can be granted." While a complaint does not need detailed factual allegations, it requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[A]ll well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc. 135 F.3d 658, 661 (9th Cir. 1998). While factual allegations in the complaint are assumed to be true, they "must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965. A plaintiff's conclusory unsupported allegations may be disregarded. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

MEMORANDUM DECISION - 3

### A. Improper Defendant

The United States correctly states that the IRS is not an entity subject to suit and should be dismissed. Krouse v. U.S. Gov't Treasury Dep't IRS, 380 F. Supp. 219, 221 (D.C. Cal. 1974). In its Second Motion to Dismiss, the United States consents to substitution of it as the proper defendant in lieu of the IRS. Additionally, in the Plaintiff's Addendum, the Plaintiff names the United States as a defendant. Consequently, in order to resolve the issues presented and save the Court and litigants resources, the Court shall dismiss the IRS, substitute the United States for the IRS, and rule on the balance of the United States' motion.

### B. Subject Matter Jurisdiction

#### 1. Refund Action

The Plaintiff's Amended Complaint appears to seek a refund of $39,545.80 received in a levy. While a bankruptcy estate may seek a tax refund under 11 U.S.C. § 505(a)(2)(B), the United States argues that the Plaintiff has failed to meet a jurisdictional pre-requisite for maintaining a refund action in any court, let alone this Court.

> The law regarding claims for tax refunds is unusually clear, and does not appear to admit any exceptions: "No suit or proceeding shall be maintained *in any court* for the recovery of any internal revenue tax . . . until a claim for refund or credit has been duly filed with the Secretary . . . ." 26 U.S.C. § 7422(a) (emphasis added).

In re Graham, 981 F.2d 1135, 1138 (10th Cir. 1992). The administrative claim must be filed within the later of two years after the tax was paid or three years after the return was filed. 26 U.S.C. § 6511(a). "These rules are nonwaivable jurisdictional requirements." Graham, 981 F.2d at 1138. "Simply put, no claim, no refund." Graham, 981 F.2d at 1138. The United States' declaration in support of the Second Motion to Dismiss states in paragraph five that the Plaintiff has not pursued or exhausted administrative claims for a refund of income taxes.

The Plaintiff has not alleged that she has filed a claim for refund with the Secretary. Unless and until an administrative claim is filed, the Plaintiff has not satisfied the jurisdictional requirements for a refund action.

2. Collection Due Process (CDP) Hearing

The Plaintiff's Amended Complaint appears to seek equitable relief from, or review, of the IRS's collection of assessed taxes via a tax lien filed in Pierce County and a levy upon PBGC. The United States argues that a CDP Hearing was held and determination was made concerning the collection actions, but that the Plaintiff chose not to dispute the determination. The United States' declaration provides that the IRS Appeals Officer who conducted that CDP Hearing sent the Plaintiff a Notice of Determination by certified mail on January 12, 2006, but the Plaintiff did not petition either the Tax Court or District Court to review the settlement officer's determination within thirty days as required by 26 U.S.C. § 6330(d)(1). Because review of the CDP hearing can occur only in the District Court or Tax Court, the United States argues that this Court lacks subject matter jurisdiction to review the collection claim. This Court agrees that it lacks subject matter jurisdiction to review the validity of the levy upon PBGC or provide any equitable relief there from.

3. Fraud Claim

The Plaintiff appears to allege fraud by the IRS in "stealing funds" from the Plaintiff. The United States correctly asserts that to the extent the Plaintiff has alleged a claim for fraud, the Federal Tort Claims Act, 28 U.S.C. § 2671, does not extend to "[a]ny claim arising in respect to the assessment or collection of any tax . . . ." 28 U.S.C. § 2680(c).

For the reasons stated above, this Court lacks subject matter jurisdiction over the Plaintiff's action against the United States, and the United States is entitled to dismissal

MEMORANDUM DECISION - 5

pursuant to Fed. R. Civ. P. 12(b)(1).  As set forth below, dismissal is also warranted pursuant to Fed. R. Civ. P. 12(b)(6).

**C.     No Claims Upon Which Relief Can be Granted**

    1.     <u>Taxpayer</u>

The primary contention underlying the Plaintiff's action is that she is not a taxpayer, and thus not subject to the Internal Revenue Code (IRC).  IRC §§ 1 and 6012(a)(1)(A) require United States citizens whose income exceeds certain thresholds to file income tax returns.  IRC § 6151(a) requires taxpayers to submit payments with their tax returns.  Exhibit 1 to the United States' declaration indicates a taxable income of $1,024,418 for the Plaintiff for the tax period ending December, 1998.  The Plaintiff has failed in her burden of proof in establishing that she is not a taxpayer.  Since the core allegation in the Plaintiff's Amended Complaint is that she is not a taxpayer, she has failed to state a claim upon which relief can be granted, and the United States is entitled to dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

    2.     <u>Substitute Returns</u>

The Plaintiff also contends that the IRS prepared substitute returns, which are the basis of the tax assessments, without authority and that these substitute returns are not valid support for the tax assessments.  IRC § 6020, however, authorizes the IRS to prepare a return if a person fails to do so.  26 U.S.C. § 6020(a), (b)(1).  Moreover, any return "so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes."  26 U.S.C. § 6020(b)(2).  The Plaintiff has failed to state a claim upon which relief can be granted.

The United States is entitled to dismissal of all claims against it made by the Plaintiff in her Amended Complaint filed August 6, 2008, and referenced in the Plaintiff's Addendum.

DATED: September 11, 2008

*Paul B. Snyder*
_____
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 7